**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10320 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00232-LJO-1 |
| v. | |
| CURTIS HENDRIX, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted October 11, 2013
San Francisco, California

Before: WALLACE, M. SMITH, and IKUTA, Circuit Judges.

Curtis Hendrix appeals from the district court's judgment sentencing him to

360 months in prison after he pleaded guilty to conspiracy to distribute cocaine

base, and distribution and possession with intent to distribute cocaine base. He

argues that the district court erred in denying his motion to suppress evidence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

obtained through wiretaps, asserting that the affidavits supporting those wiretaps failed to establish the requisite necessity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's decision that a wiretap is necessary for abuse of discretion. *United States v. Canales Gomez*, 358 F.3d 1221, 1225 (9th Cir. 2004). We have adopted a "common sense approach" in which "the reviewing court uses a standard of reasonableness to evaluate the government's good faith effort to use alternative investigative means or its failure to do so because of danger or low probability of success." *Id.* (quoting *United States v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir. 2001)). Although a wiretap "should not ordinarily be the initial step in the investigation," law enforcement officials "need not exhaust every conceivable alternative before obtaining a wiretap." *Id.* at 1225–26 (quoting *United States v. McGuire*, 307 F.3d 1192, 1196–97 (9th Cir. 2002)). Finally, the mere fact that law enforcement officials "could have taken different or some additional steps in [their] investigation does not demonstrate that the district court abused its discretion in upholding the wiretap order." *United States v. Carneiro*, 861 F.2d 1171, 1178 (9th Cir. 1988).

Hendrix argues that the police had achieved some success in their investigation of Hendrix's gang, and thus that the wiretaps at issue here were unnecessary. However, the fact that a law enforcement agency has had some

success in its investigation of a criminal conspiracy does not preclude the government from showing the necessity of a wiretap to further advance its investigation. *See United States v. Bennett*, 219 F.3d 1117, 1122 (9th Cir. 2000) (stating that "the mere attainment of some degree of success during law enforcement's use of traditional investigative methods does not alone serve to extinguish the need for a wiretap"). Moreover, a "wiretap can be necessary if it gives the government the ability to develop an effective case." *McGuire*, 307 F.3d at 1198 (internal quotation marks omitted). Here, the affidavits make clear that the goal of the wiretaps was to obtain further evidence to support the prosecution of Hendrix's street gang. Such evidence would make prosecution of the gang "more effective." *Id.* at 1198–99.

Hendrix's argument that the affidavits failed to "make a sufficient particularized showing of necessity" relies on this court's opinion in *United States v. Blackmon*, 273 F.3d 1204. However, Hendrix's reliance on *Blackmon* is misplaced. As we have repeatedly explained, *Blackmon* was predicated on a finding that "the wiretap application 'contain[ed] material omissions and misstatements' that, when purged, left a deficient application." *Canales Gomez*, 358 F.3d at 1225 (quoting *Blackmon*, 273 F.3d at 1211); *see also United States v. Fernandez*, 388 F.3d 1199, 1237 (9th Cir. 2004) (stating that the holding in *Blackmon* "was premised on a finding that the affidavits supporting the wiretap

applications were plagued by material misrepresentations and omissions"). Here, by contrast, the affidavit is not "plagued by material misrepresentations and omissions," which means that *Blackmon* is inapposite.

We reject Hendrix's argument that the second affidavit did not establish necessity due to its supposedly "boilerplate" and "conclusory assertions," because the second affidavit included information from the first affidavit that was individually relevant to Hendrix, as well as new information learned during the continued investigation. Because the issuing judge indicated that he had considered the original affidavit as well as reading the new, highlighted information in the second affidavit, we also reject Hendrix's argument that the judge did not adequately review the second affidavit in determining that the additional wiretap was necessary.

**AFFIRMED.**